ROSE v. DAVIS.

(Filed December 12, 1905).

*Cattle Running at Large—Non-residents—Burden of Proof
—Penalty—Special Proceeding for Partition—Collateral
Attack.*

1.  In an action to recover the penalties provided in section 2319 of
    The Code for illegally ranging cattle and sheep in Swain County,
    in order to justify the defendants in ranging their cattle and
    sheep the burden is upon them to show that they own an estate
    in land in said county for one year or other higher estate and
    the question of the defendants' good faith and *bona fide* claim
    of title to land does not enter into the case.

2.  Under section 2319 of The Code, if a non-resident owns an estate in
    land in the county, for one year or other higher estate, he may
    bring into the range twenty head of the beast mentioned. If he
    brings in more than twenty, he must show such an estate in two
    hundred acres of land for every additional twenty head.

3.  Although the summons in a special proceeding is not in the record,
    yet where it sufficiently appears in the affidavit and order for
    publication that a summons was issued and that a return was
    made thereon that the defendants could not be found "after due
    search;" that the defendants are non-residents and have an inter-
    est in the property, etc., and the notice of publication is in the
    record and is full and explicit, and where it appears the land
    was sold for partition, the purchase money paid, the sale con-
    firmed and deed made in due form, *held,* there are no defects
    sufficient to avoid the sale.

ACTION by Q. L. Rose against J. R. Davis and others, heard
by *Judge G. S. Ferguson* and a jury, at the July Term, 1905,
of the Superior Court of SWAIN. From a judgment for the
defendants, the plaintiff appealed.

This is an action brought by the plaintiff under section
2319 of The Code, for the penalties mentioned therein. That
section of The Code is as follows: "If any person who shall
be a resident citizen of another State or one of the territories

shall drive or cause to be driven into any county in this State, any horses, mules, hogs, cattle or sheep, between the first day of April and the last day of November, and suffer them to run at large in any marsh or forest range in this State, he shall forfeit five dollars for each head so permitted to run at large to anyone who may sue for the same, or proceed by attachment, in case the offender is not to be found, one-half to the party suing for the same, the other half to the school fund of the county. Provided, this section shall not apply to any non-resident, who for the time being, may own in said county any estate in land for one year, or other higher estate, unless such non-resident shall bring into the range more than twenty head of any of said beasts for every two hundred acres of land owned by him in manner aforesaid in said county." There are other provisos, but they are not material to this case.

*Fry & Rowe* for the plaintiff.
No counsel for the defendants.

BROWN, J. It was admitted and found on the trial that plaintiff was a resident of this State and that the defendants were non-residents. The plaintiff offered evidence to the effect that the defendants, in the year 1903, between the first day of April and the last day of November, drove or caused to be driven into Swain County 220 head of sheep and cattle, and ranged them in the forests of the Smoky Mountains in said county. The defendants offered evidence to the effect that they drove only 120 head, and also evidence tending to show that they had such an estate in 1200 acres of land in said county as would justify them for driving that number of sheep and cattle into said county by bringing themselves within the purview of the first proviso contained in section 2319 of The Code.

The plaintiff seeks to recover the penalty provided in the

act for illegally driving and ranging 120 head of sheep and cattle in Swain County. The court submitted certain issues to the jury, to which there was no exception. The first issue was as follows: Did the defendants or either of them drive or cause to be driven between the first day of April, 1903, and the last day of November, 1903, unlawfully and without right or authority into the county of Swain, in the State of North Carolina, cattle or sheep, and unlawfully and without right or authority range or cause to be ranged in the forests and commons in said county and State, and cause them to run at large in the forests of said county; and if so, how many? Answer: No.

The defendants contended that they did not drive more than 120 head of cattle and sheep during the said year and sought to justify by showing a claim or title to certain land. His Honor charged the jury, among other things, that if the defendants believed in good faith, at the time they drove or caused to be driven into Swain County cattle and sheep and ranged them in Swain County that they had a *bona fide* claim or title to 1200 acres of land in Swain County, then they would have been entitled to range in Swain County 120 head of cattle and sheep, without being liable for the penalty therefor. In this instruction there was error. The question of the defendants' good faith or *bona fide* claim does not enter into the case. In order to justify the defendants in ranging at large their cattle and sheep in Swain County the burden is upon them to show that they own an estate in land in said county for one year or other higher estate. Under the provisions of section 2319 of The Code, if a non-resident owns such an estate in land in said county, then he may bring into the range 20 head of the beasts mentioned in the statute. If he brings in more than 20 head of such beasts to range, then he must show such an estate in 200 acres of land for every additional 20 head which he may turn into the range.

It is contended by the plaintiff that the special proceeding for partition, entitled *Samuel L. Davis et al v. James A. Sparks and others,* under which defendants seek to establish title to certain lands, is null and void for irregularity and so much so that it may be attacked collaterally. We have examined it with care and do not find any grave irregularity in it, certainly nothing that avoids it on the face of the record. Although the summons in the special proceeding is not in the record, it sufficiently appears in the affidavit and order for publication that a summons was issued and that a return was made thereon that the defendants could not be found after due search. The affidavit for publication sets out the return of the sheriff and avers that defendants cannot be found "after due search." This is tantamount to "due diligence." It further states that defendants are non-residents of this State and that they have an interest in the property, the subject of the action and in the jurisdiction of the court. The order of publication is equally full and explicit in its recitals, and it appears that due publication was made of the summons according to law. The notice of publication is set out in the record and it is full and explicit. The land was sold for partition and the purchase money paid by the purchaser, the sale confirmed and deed made to him by Everett, the commissioner, in due form.

We find no defects in the proceeding sufficient to avoid the sale, much less to oust the jurisdiction of the court.

New Trial.